# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

MARK COLIN JENNINGS, II,

                    Plaintiff,                    Case Number: 5:16-cv-11848
                                                  HON. JOHN CORBETT O'MEARA

v.

ROBERT HALL, ET AL.,

                    Defendants.
_____/

## ORDER OF SUMMARY DISMISSAL

### I.      Introduction

Plaintiff Mark Colin Jennings, II, a state inmate currently incarcerated at the Oaks Correctional Facility in Manistee, Michigan, has filed a *pro se* complaint under 42 U.S.C. § 1983. Jennings names fourteen defendants, including five John and Jane Doe defendants. His claims arise from police and EMS response to a telephone call claiming that Jennings was suicidal. Jennings argues that the response team's transport of Jennings to a hospital, his subsequent treatment at the hospital, and police questioning of him at the hospital in connection with sexual abuse allegations violated his rights to be free from unlawful search and seizure, detention without due process of law, and cruel and unusual punishment. The Court dismisses Plaintiff's complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

I.      **Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).  The notice pleading standard requires more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (*quoting Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 1949 (*quoting Twombly*, 550 U.S. at 557).

The plaintiff paid the filing fee in this action, thus rendering inapplicable this Court's authority to screen such complaints for frivolity or maliciousness pursuant to 28 U.S.C. § 1915(e)(2).  As a general rule, a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint.  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).  However, a review of a prisoner's civil rights complaint pursuant to 28 U.S.C. § 1915A is appropriate regardless of whether the prisoner has sought *in forma pauperis* status when the claim is brought against a governmental entity.  *Benson v. O'Brian*, 179 F.3d 1014, 1017 (6th Cir. 1999).  If a

2

prisoner's complaint seeks relief from a governmental entity, officer, or employee, Congress has directed that the district court must dismiss it, or any part thereof, which (a) is frivolous, malicious, or fails to state a claim upon which relief can be granted, or (b) seeks monetary relief from a defendant who is immune from suit for monetary damages.  28 U.S.C. § 1915A; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007).

To state a federal civil rights claim, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law.  *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978).  A *pro se* civil rights complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II.   Discussion

Jennings alleges that, on May 25, 2008, Carrollton police officer Hall, Saginaw County sheriff's deputy Sewell, and two mobile medical response personnel entered his home without a warrant, placed him on a gurney at gunpoint, restrained him and placed him in an ambulance.  ECF No. 1, Pg. ID 5.  He states that they did so in response to a call from his sister that he had threatened to commit suicide.  *Id.* at 9.  Jennings denies that he made any such threat.  *Id.*  Jennings complains that his request to be taken to a VA Hospital was denied and he was instead taken to Covenant Hospital in Saginaw.  *Id.* at 9-10.  He states that once there, he was told he would be injected with medication if he did not calm down.  He was ultimately injected with medication and then, according to his allegations, questioned

3

regarding sexual assault allegations. (Jennings is presently incarcerated pursuant to first-, second-, and third-degree criminal sexual conduct convictions). Jennings states that he suffered an adverse reaction to the injection and suffers from cognitive impairment, loss of memory, and post-traumatic stress disorder.

### A.    Fourth Amendment Claims

Jennings claims his Fourth Amendment rights were violated when police and medical personnel forcibly removed him from his home based upon information from Jennings' sister that he was suicidal.

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no [w]arrants shall issue, but upon probable cause, supported by [o]ath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "It is well established that absent suspected criminal activity, a law-enforcement agent may not seize a person simply in order to assess his mental fitness." *Zucker v. City of Farmington Hills*, — F. App'x —, 2016 WL 1019041, *7 (6th Cir. March 14, 2016), citing *McKenna v. Edgell*, 617 F.3d 432, 440 (6th Cir.2010); *Fisher v. Harden*, 398 F.3d 837, 842 (6th Cir.2005). A showing of probable cause "requires only a probability or substantial chance of dangerous behavior, not an actual showing of such behavior." *Id.* In this case, police received a call that Jennings had threatened to hurt himself and the police report attached to the complaint shows that the officer found Jennings to be emotionally disturbed and intoxicated. ECF No. 1, Pg. ID 15. The officer reported that he

4

feared that Jennings was a danger to himself.  In addition, VA Medical Center records dated approximately two months before the incident at Jennings' home, show that Jennings was diagnosed as suffering from major, recurrent, severe depression with psychosis and panic attacks.  *Id.* at 45.  It is clear from the record before the Court that Jennings' constitutional rights were not violated when he was taken from his home for medical treatment.

### B.   Medical Claims

Jennings also claims that he had a severe adverse reaction to medication given to him by the medical staff at Covenant Hospital.

The Eighth Amendment prohibits the government from inflicting "cruel and unusual punishments." *United States v. Campbell*, 245 F. App'x 505, 508 (6th Cir. 2007). (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  "Deliberate indifference to one's need for medical attention suffices for a claim under 42 U.S.C. § 1983." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004)  (*citing Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985)).  Deliberate indifference can arise as a result of delayed treatment, *Blackmore*, 390 F.3d at 899, inadequate treatment, *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011), or the failure to provide any treatment, *Rouster v. County of Saginaw*, 749 F.3d 437, 448-449 (6th Cir. 2014), for a serious medical need.  "[A]llegations of medical malpractice or negligent diagnosis and treatment generally fail to state an Eighth Amendment claim of cruel and unusual punishment." *Broyles v. Corr. Medical Servs., Inc.,* 478 F. App'x 971, 975 (6th Cir. 2012) (internal citations omitted) (footnote added).  Moreover, a plaintiff must demonstrate that a prison official defendant knew of and disregarded an excessive risk

5

to inmate health or safety by showing that (1) the official was aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and (2) the official actually drew the inference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In other words, the official must recognize the potential for harm to the inmate, and must fail to act to prevent that harm.

As the Sixth Circuit has recognized, the requirement that the official subjectively perceived a risk of harm and then disregarded it is "meant to prevent the constitutionalization of medical malpractice claims; thus, a plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). The Sixth Circuit further explained:

> When a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation. On the other hand, a plaintiff need not show that the official acted for the very purpose of causing harm or with knowledge that harm will result. Instead, deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.

*Id.* (internal citations omitted). Mere differences of opinion or disagreements between a prisoner and prison medical staff over the kinds of treatment a prisoner needs do not rise to the level of deliberate indifference. *See Umbarger v. Corr. Med. Servs.*, 93 F. App'x 734, 736 (6th Cir. 2004). Courts distinguish between "cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Alspaugh*, 643 F.3d 162 at 169 (internal quotations omitted). "In cases where an inmate alleges deliberate indifference but the record demonstrates that

6

the inmate received medical attention and is, in essence, filing suit because he disagrees with certain decisions made by the medical staff, the defendant is entitled to summary judgment." *Allison v. Martin*, 2009 WL 2885088, at *6 (E.D. Mich. Sept. 2, 2009) (internal citations omitted).

Plaintiff's claim that he had an adverse reaction to medication fails to allege deliberate indifference to medical needs. Even if the error rose to the level of medical malpractice or negligence, medical malpractice or negligence does not constitute a constitutional violation. *Estelle*, 429 U.S. at 292. *Accord Farmer*, 511 U.S. at 833 (Deliberate indifference "entails something more than mere negligence.").

### C.     Police Questioning at Hospital

Plaintiff also argues that the police improperly questioned him at the hospital regarding sexual assault allegations while he was under the influence of a sedative. This claim necessarily challenges the validity of his related criminal convictions. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court established that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254, or otherwise invalidated. *Id.* at 486-87. Because Plaintiff has not achieved a favorable termination of his criminal

7

case, this complaint is barred by *Heck*.

### D.    Individual Defendants

The complaint is subject to dismissal in its entirety for the reasons set forth above. Alternatively, several defendants are subject to dismissal.

Plaintiff names the State of Michigan as a defendant. The Eleventh Amendment bars civil rights actions against a state, its agencies and departments, and state officials sued in their official capacities unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "The state of Michigan ... has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it enacted 42 U.S.C. § 1983. *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). Consequently, state is not a "person" subject to suit under § 1983. *Will*, 491 U.S. at 66-71. Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief" against a state and its agencies. *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993). The State of Michigan is immune from suit under § 1983.

The Carrollton Township Police Department and Saginaw County Sheriff's Department are named defendants. A municipal police or sheriff's department is not a legal entity subject to suit under § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Therefore, Plaintiff fails to state a claim upon which § 1983 relief may be granted with

8

respect to these defendants.

Finally, Plaintiff names as defendants Mobil Medical Response (the company providing emergency medical response to Plaintiff), Mobil Medical Response employees John Doe 1 and 2, Covenant Healthcare, Doctor Doe, Nurse Doe, and Pharmaceutical Company Doe. Conduct which deprives a party of a federally protected right can be said to be fairly attributable to the state when: (1) the deprivation is caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible, and (2) the party charged with the deprivation may be fairly described as a state actor. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). For a private party's action to be fairly attributable to the State, there must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing Jackson v. Metro. Edison Co., 419 U.S. 345, 351 (1974)). Plaintiff has not alleged any facts which would support a finding that the medical professional defendants' conduct may be attributed to the State. Accordingly, Plaintiff fails to state a claim against these defendants.

**III.    Conclusion**

For the reasons stated, the Court concludes that the complaint fails to state a claim upon which relief may be granted. Accordingly, IT IS ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

IT IS FURTHER ORDERED, that if Plaintiff elects to appeal this decision, he may

9

not proceed without prepayment of the fees and costs on appeal because an appeal would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

s/John Corbett O'Meara
United States District Judge

Date: August 2, 2016

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 2, 2016, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager

10