UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK COLIN JENNINGS, II,

    Plaintiff,        Case Number: 5:16-cv-11848
                HON. JOHN CORBETT O'MEARA
v.

ROBERT HALL, ET AL.,

    Defendants.
               /

### ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION TO AMEND

  Plaintiff Mark Jennings, II, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Jennings' claims arose from police and EMS response to a telephone call claiming that he was suicidal. Jennings argued that the response team's transport of Jennings to a hospital, his subsequent treatment at the hospital, and police questioning of him at the hospital in connection with sexual abuse allegations violated his rights to be free from unlawful search and seizure, detention without due process of law, and cruel and unusual punishment. The Court summarily dismissed Plaintiff's complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim upon which relief may be granted. Now before the Court are Plaintiffs' Motion for Reconsideration and Motion to Amend.

Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004).

The Court held that the complaint was subject to summary dismissal for several reasons. First, the Court found the Fourth Amendment claim clearly meritless where the supporting documents submitted by Petitioner clearly showed that he was taken from his home because he was intoxicated and police reasonably believed he was a danger. Second, Plaintiff's claim that he had an adverse reaction to medication failed to allege deliberate indifference to medical needs. Even if the error rose to the level of medical malpractice or negligence, medical malpractice or negligence does not constitute a constitutional violation. *Accord Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (Deliberate indifference "entails something more than mere negligence."). Finally, the Court held that Plaintiff's claim challenging the police questioning of him at the hospital was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

Plaintiff's motion simply rehashes the arguments asserted in the complaint

and disagrees with the Court's resolution of this matter. A motion predicated upon such arguments fails to allege sufficient grounds upon which to grant reconsideration. L.R. 7.1(h)(3); *see also, Meekison v. Ohio Dept. of Rehabilitation and Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998). Plaintiff fails to demonstrate that the Court's decision was based upon a palpable defect by which the Court was misled.

Plaintiff also seeks leave to amend his complaint. Federal Rule of Civil Procedure 15(a) permits a party to amend a pleading once as a matter of course before being served with a responsive pleading or after serving the pleading if a responsive pleading is not allowed. However, the Sixth Circuit Court of Appeals has held that Rule 15(a)'s liberal amended pleading standard does not apply to complaints summarily dismissed under 28 U.S.C. § 1915(e)(2). *See Moniz v. Hines*, 92 F. App'x 208, 212 (6th Cir. 2004). "[A] district court may not permit a plaintiff to amend his complaint to defeat dismissal under 28 U.S.C. § 1915(e)(2)." *Id.* Section 1915 "also proscribes a district court from permitting a plaintiff to amend his complaint *after* that court has dismissed the complaint under § 1915(e)(2)." *Id.* The ban on amending a complaint after dismissal under § 1915(e)(2) applies without regard to whether the amendment would cure the deficiencies in the original complaint. *Id.* at n.5. Therefore, the court denies

3

Plaintiff's "Motion to Amend."

Accordingly, the Court DENIES Plaintiff's Motion for Reconsideration and Motion to Amend (ECF no. 8).

SO ORDERED.

                                              s/John Corbett O'Meara
                                              United States District Judge

Date:  October 20, 2016

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 20, 2016, using the ECF system and/or ordinary mail.

                                              s/William Barkholz
                                              Case Manager